## REIDY v. BLEISTIFT.

(City Court of New York, General Term. April 5, 1900.)

1. APPEAL—INTERMEDIATE ORDER.
   An appeal from an intermediate order will not be allowed after the dismissal of an appeal from a final judgment, though the intermediate order be one entitled to review on an appeal from the final judgment, under Code Civ. Proc. § 1316.

2. DEFAULT—INQUEST—JUDGMENT.
   Where an inquest was ordered on defendant's default, and the damages fixed at more than the cause of action as set forth in the complaint, the denial of a motion to set aside the inquest was not a bar to a motion to vacate a judgment entered thereon; but defendant was entitled, when judgment was entered for the full amount ascertained by the inquest, to have the judgment so entered modified, and the recovery limited to the amount justified by the complaint.

On reargument. Affirmed.

For former opinion, see 61 N. Y. Supp. 915.

Reargued before McCARTHY, O'DWYER, and HASCALL, JJ.

O'DWYER, J. The time to appeal directly from the order of July 7th had expired when the notice of appeal was served, and conceding (without so deciding) that that order is an intermediate order affecting the final judgment, and entitled to review upon appeal from the final judgment (sections 1316, 1301, Code Civ. Proc.), inasmuch as the appeal from the final judgment herein has been dismissed, the appeal from the intermediate order falls, and the motion to dismiss that appeal must therefore be granted, with $10 costs. The disposition thus far made of the appeal taken by the defendant herein now leaves for our consideration the appeal from the order of July 29, 1899. Upon a former hearing of the appeal it was held that the judgment was excessive, it being for a greater sum than the complaint justified; and, to that extent, we agree with the decision then made. The respondent now insists that the denial of the motion to set aside the inquest was a bar to the motion to vacate the judgment, but we do not agree with him in this contention. The two motions were aimed at different relief. The inquest was properly ordered, and the motion to set it aside properly denied. The defendant was not entitled to that relief, but when the judgment was entered, and it then appeared that the recovery was for more than the cause of action set forth in the complaint permitted, then the defendant was entitled to have the judgment so entered modified, and the recovery therein limited to the amount justified by the complaint.

The order appealed from will be reversed, and the motion to vacate the judgment granted, without costs, unless within 10 days the plaintiff stipulates to reduce the judgment so that the plaintiff shall recover $153 principal, with interest thereon from January 1, 1897, together with the costs of the action, and a 5 per cent. extra allowance upon the amount of principal and interest, in which event the order of July 29, 1899, will be affirmed, without costs. All concur.